JOHN H. GINAVEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ginaven v. Commissioner
Docket No. 4510-74.
United States Tax Court
T.C. Memo 1975-49; 1975 Tax Ct. Memo LEXIS 320; 34 T.C.M. (CCH) 314; T.C.M. (RIA) 750049; March 10, 1975, Filed *320 John H. Ginaven, pro se. Lowell F. Raeder, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined a deficiency of $872.28 in petitioner's 1972 income tax. The sole issue is whether petitioner is entitled to a "war crimes" deduction of $4,828.55. Petitioner resided in West Chester, Pennsylvania, at the time he filed his petition herein. In his petition, he alleges that his taxes were being collected for illegal and immoral activities by virtue of the war in Southeast Asia and the nuclear arms race. Respondent, having filed an answer denying the substantive allegations of the petition, moved for judgment on the pleadings. We hold that respondent's motion should be granted. We accept the fact that petitioner's views are based upon strong and sincere convictions. Nevertheless, whether we view petitioner's position as being founded on religious or moral principles or on alleged illegal acts on the part of the United States Government and even if we assume, as we must, for the purposes of this motion, that his allegations are true, petitioner must fail. The issues which he has raised have consistently *321 been held by the courts not to provide a basis for permitting a taxpayer to avoid his or her obligation to pay Federal income tax. , and cases cited therein. The Third Circuit Court of Appeals (to which an appeal in this case would lie, cf. , affd. (C.A. 10, 1971)), in (C.A. 3, 1973), has adhered to this position even in a situation involving a criminal prosecution for violation of the Federal income tax laws. [1] We find no basis in developments in our national political and government life since those cases were decided to depart, as petitioner suggests we should do, from the established precedents.
Decision will be entered for the respondent.
Footnotes
1. See also (disallowing the same type of deduction for the year 1971 by the taxpayer herein); ; .↩